| | |
|---|---|
| **CHAFFEE COUNTY COMBINED COURT**<br>**STATE OF COLORADO**<br>142 Crestone Avenue<br>Salida, Colorado 81201<br>(719) 539-2561 | DATE FILED<br>January 20, 2026 6:20 PM<br>FILING ID: 102158D2494C6<br>CASE NUMBER: 2026CV30001 |
| **Plaintiffs:** JONATHAN PAUL FRITZ AND JULIA HELENE FRITZ; MICHAEL DREW ELDER; DAN CLEGG AND LAURA CLEGG, TRUSTEES OF THE CLEGG FAMILY LIVING TRUST DATED OCTOBER 26, 2023; & ROSALIE M. HILL<br><br>v.<br><br>**Defendants:** UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT; BUTALA CONSTRUCTION CO., A COLORADO CORPORATION; BEAZER EAST, INC. a Delaware Corporation; HIGH COUNTRY BANK; A Colorado Corporation; COLLEGIATE PEAKS BANK, DIVISION OF GLACIER BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA, N.A.; BLUE FEDERAL CREDIT UNION, a Federal Credit Union; & DEE DEE COPPER in her capacity as Treasurer and Public Trustee for Chaffee County; any and all unknown persons who may have an interest in this matter, if any. | ▲ COURT USE ONLY ▲<br><br>**Case No.:**<br><br>**Div.:** |
| ***Attorneys for Plaintiffs:***<br>Nathan G. Osborn, #38951<br>Alyson Evett, #52400<br>MONTGOMERY LITTLE & SORAN, P.C.<br>5445 DTC Parkway, Suite 800<br>Greenwood Village, CO 80111<br>T: 303.773.8100<br>Email: nosborn@montgomerylittle.com<br>aevett@montgomerylittle.com | |

**COMPLAINT**

Plaintiffs, Jonathan Paul Fritz and Julia Helene Fritz, Michael Drew Elder, Dan Clegg and Laura Clegg, Trustees of the Clegg Family Living Trust Dated October 26, 2023, and Rosalie M.

Hill (collectively, the "Plaintiffs"), by and through the undersigned counsel of Montgomery Little & Soran, P.C., hereby submit this Complaint, and in support thereof, state as follows (this "Complaint" or this "Action"):

## PARTIES

1. Plaintiffs Johnathan Paul Fritz and Julia Helene Fritz ("Fritz") are the owners of certain real property located at 8878 County Road 150, Salida, Colorado 81201, more particularly described as:

    Lot No. 3, Vista del Rio Subdivision, per Plat Amendment No. 2 recorded July 24, 2013 as Reception No. 409178, Chaffee County, Colorado.

    (hereinafter referenced as the "Fritz Property").

2. Defendant Collegiate Peaks Bank, Division of Glacier Bank has an interest in this matter pursuant to a Deed of Trust encumbering the Fitz Property, said Deed of Trust being recorded on November 4, 2019 at Reception No. 454811 of the records of the Clerk and Recorder of Chaffee County, Colorado.

3. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") has an interest in this matter because MERS is the named beneficiary under the above Deed of Trust in favor of Collegiate Peaks Bank, Division of Glacier Bank.

4. Plaintiff Michael Drew Elder ("Elder") owns certain real property located at 8824 County Road 150, Salida, Colorado 81201, more particularly described as:

    Lot No. 2, Vista del Rio Subdivision, per Plat Amendment No. 2 filed July 24, 2013 as Reception No. 409178, Chaffee County, Colorado.

    (hereinafter referenced as the "Elder Property").

5. Defendant Bank of America, N.A. has an interest in this matter pursuant to a Deed of Trust encumbering the Elder Property, said Deed of Trust being recorded on September 17, 2021 at Reception No. 474227 of the records of the Clerk and Recorder of Chaffee County, Colorado.

6. MERS also has an interest in this matter because MERS is the named beneficiary under the above Deed of Trust in favor of Bank of America, N.A.

7. Plaintiffs Dan Clegg and Laura Clegg, as Trustees of the Clegg Family Living Trust dated October 26, 2023 ("the Clegg Family Trust") own certain real property located at 8896 Falling Springs Road, Salida, Colorado 81201, more particularly described as:

Lot No. 5, Vista Del Rio Subdivision, Amended, per Amended Plat recorded October 8, 2012 as Reception No. 402790, Chaffee County, Colorado.
Together with Upper Arkansas Water Conservancy District Certificate No. 1946

(hereinafter referenced as the "Clegg Family Trust Property")

8. Plaintiff Rosalie M. Hill ("Ms. Hill") owns certain real property located at 8892 Falling Springs Road, Salida, Colorado 81201 more particularly described as:

   Lot No. 4, Vista Del Rio Subdivision, per Plat recorded July 25, 2012 at Reception No. 401351 and per Amended Plat recorded October 8, 2012 as Reception No. 402790, Chaffee County, Colorado.

   (hereinafter referenced as the "Hill Property").

9. Lots two (2) through (5) of the Vista Del Rio Subdivision are owned by Plaintiffs and will be referred to collectively herein as the "Vista Del Rio Property."

10. Defendant Blue Federal Credit Union, a Federal Credit Union, has an interest in this matter pursuant to a Deed of Trust encumbering the Hill Property, said Deed of Trust being recorded on July 8, 2021 at Reception No. 472131 of the records of the Clerk and Recorder of Chaffee County, Colorado. Defendant Blue Federal Credit Union is a Federal Credit Union with a primary place of business street address of 114 E. 7th Avenue, Cheyenne, WY 82001.

11. Defendant Collegiate Peaks Bank, Division of Glacier Bank, has an interest in this matter pursuant to a Deed of Trust encumbering the Hill Property, said Deed of Trust being recorded on July 28, 2021 at Reception No. 472769 of the records of the Clerk and Recorder of Chaffee County, Colorado and an Assignment of Rents for the benefit of Collegiate Peaks Bank, Division of Glacier Bank, recorded on July 28, 2021 at Reception No. 472770 of the records of the Clerk and Recorder of Chaffee County, Colorado. Defendant Collegiate Peaks Bank, Division of Glacier Bank is a foreign corporation authorized to conduct business in the state of Colorado.

12. Defendant United States Environmental Protection Agency ("EPA") is a governmental agency that attempts to protect the environment by, among other things, setting and enforcing environmental regulations.

13. EPA has an interest in the real property at interest in this matter by, among other things, the Consent Decree (hereinafter defined).

14. Defendant Colorado Department of Public Health and Environment ("CDPHE") is a state agency in Colorado that is responsible for protecting and improving public health and the environment. CDPHE may have an interest in the Vista Del Rio subdivision by way of the Declaration (hereafter defined)

15. Defendant Butala Construction, CO. ("Butala") is a Colorado corporation with a principal street address of 9000 County Road 152, Salida, Colorado 81201. Butala may have an interest in this dispute pursuant to the following Deeds of Trust that, upon information and belief, encumber all or portions of the Vista Del Rio Property.

    a) Deed of Trust given by Butala Construction Co. for the benefit of High Country Bank, said Deed of Trust being recorded on March 17, 2011 at Reception No. 393021 of the records of the Clerk and Recorder of Chaffee County, Colorado.

       This Deed of Trust is subject to the Notice of Extension of Lien recorded June 8, 2021 at Reception No. 471215 of the records of the Clerk and Recorder of Chaffee County, Colorado.

       A partial release of this Deed of Trust releasing Lot Nos. 4 and 5 was recorded at Reception No. 404632 of the Chaffee County Clerk and Recorder records. A partial release of this Deed of Trust releasing Lot No. 2 was recorded at Reception No. 413701 of the Chaffee County Clerk and Recorder records. Lot No. 3 has not been partially released from this Deed of Trust.

    b) Deed of Trust given by Butala Construction Co. for the benefit of High Country Bank, said Deed of Trust being recorded on March 17, 2011 at Reception No. 393022 of the records of the Clerk and Recorder of Chaffee County, Colorado. The Deed of Trust is subject to the Notice of Extension of Lien recorded June 8, 2021 at Reception No. 471216 of the records of the Clerk and Recorder of Chaffee County, Colorado. The Deed of Trust is subject to a Modification of Deed of Trust recorded May 18, 2020 at Reception No. 459029 of the records of the Clerk and Recorder of Chaffee County, Colorado.

    c) UCC Financing Statement from Debtor Butala Construction Co. for the benefit of Secured Party High Country Bank recorded on March 17, 2011 at Reception No. 393023 of the records of the Clerk and Recorder of Chaffee County, Colorado.

    d) UCC Financing Statement from Debtor Butala Construction Co. for the benefit of Secured Party High Country Bank recorded on May 18, 2020 at Reception No. 459028 of the records of the Clerk and Recorder of Chaffee County, Colorado.

    e) An Assignment of Rents given by Butala Construction Co. for the benefit of High Country Bank recorded on May 18, 2020 at Reception No. 459030 of the records of the Clerk and Recorder of Chaffee County, Colorado.

    f) UCC Financing Statement from Debtor Butala Construction Co. for the benefit of Secured Party High Country Bank recorded on January 14, 2013 at Reception No. 404597 of the records of the Clerk and Recorder of Chaffee County,

Colorado. The UCC Financing Statement encumbers Lot 4 and Lot 5, Vista Del Rio Subdivision Amended.

16. Defendant Beazer East, Inc., ("Beazer") (originally named Koppers Company, Inc., and formerly named Beazer Materials and Services, Inc.) is a Delaware corporation with an address of Three Rivers Management, Inc., 600 River Avenue, Suite 200, Pittsburgh, Pennsylvania, 15212.

17. Defendant High Country Bank is a Colorado corporation with a principal street address of 7360 W. U.S. Highway 50, Salida, Colorado 81201. Defendant High Country Bank may have an interest in this dispute pursuant to those Deeds of Trust, UCC Financing Statements and Assignments of Rent that are more particularly described in paragraph 12 above and, upon information and belief, that encumber all or portions of the Vista Del Rio Property.

18. Defendant Dee Dee Copper is named solely in her capacity as the Treasurer and Public Trustee for Chaffee County.

## JURISDICTION & VENUE

19. This action centers on real property located in Chaffee County, Colorado. More specifically, the real property is located within the Vista Del Rio Subdivision; namely, the Vista Del Rio Property.

20. Venue is proper in this Court under C.R.C.P. 98(a) because this action is affecting rights to real property situated in Chaffee County, Colorado.

21. This Court has personal jurisdiction over Defendants because, at all times relevant, they transacted business in Chaffee County, Colorado.

## GENERAL ALLEGATIONS

22. Plaintiffs incorporate the above allegations as though fully set forth herein.

23. Plaintiffs all own real property located within the Vista Del Rio Subdivision.

24. In or around 1940, a predecessor of Koppers Company, Inc. ("KCI") acquired real property in Salida, Colorado for the purposes of operating a wood treating plant.

25. A legal description of the acquired property, which is later known as the "Beazer Property" is as follows:

A tract of land located within the Northwest 1/4 of the Southwest 1/4 of Section 30 of Township 50 North , Range 9 East and within Section 25 of Township 50 North, Range 8 East of the NMPM, Chaffee County , Colorado , described as follows:

Beginning at a point on the southwesterly boundary of Chaffee County Road No. 150 from whence the East 1/4 corner (Government brass capped pipe)of said Section 25 bears South 87°20'27" East 2153.93 feet;

thence proceeding around the tract herein described , first North 81°47'00" West 636.14 feet;

thence North 45°16'21" West 255.1 feet;

thence North 34°52'00" West 364.30 feet;

thence North 20°34'00" West 729.30 feet to the North boundary of the Southeast 1/4 of the Northwest 1/4 of said Section 25 as fenced;

thence North 87°58'00" West 543.10 feet to the Northwest corner of the said Southeast 1/4 of the Northwest 1/4;

thence South 00°32'00" East along the West boundary of the said Southeast 1/4 of the Northwest 1/4 as fenced 672 feet more or less to the centerline of the Arkansas River;

thence southeasterly along the said River centerline for a distance of 2297 feet more or less to the southerly boundary of that Parcel of land described in Book 460 at Page 343 of the Chaffee County Records;

thence South 79°10'00" East along said southerly Parcel boundary 1826.03 feet to an existing aluminum capped rebar corner monument;

thence North 87°10'00" East 859.23 feet to the East line of said Section 25;

thence North 00°07' East along said East Section line 60.04 feet;

thence North 87°06' East 320.50 feet;

thence on a curve to the left an arc distance of 234.63 feet, said curve having a radius of 5680.38 feet and a chord which bears North 85°55'00" East 234.62 feet;

thence North 84°44'00" East 456.9 feet;

thence on a curve to the left an arc distance of 219.10 feet to the East line of the said Northwest 1/4 of the Southwest 1/4 of Section 30 as fenced, said curve having a radius of 1859.80 feet, and a chord which bears North 81°21'30"East 218.98 feet;

thence along said East line as fenced North 01°11'42" East 142.65 feet to the southwesterly boundary of Chaffee County road No. 150;

thence along said road boundary, first North 58°42'08" West for a distance of 929.11 feet;

thence North 81°47'00" West 2282.16 feet;

thence North 46°09'52" West 456.83 feet to the point of beginning.

26. In 1944, KCI's predecessor merged with and into KCI, which later became Beazer Materials and Services, Inc. (now known as Beazer East, Inc.).

27. In or about 1962, Beazer conveyed the Beazer Property to H.E. Loudermilk Company.

28. In or about 1983, H.E. Loudermilk Company conveyed the Beazer Property to Butala.

29. On February 7, 1992, the EPA proposed for listing on the National Priorities List, via publication in the Federal Register, pursuant to Section 105 of Comprehensive

Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9605, what is commonly known as the Smeltertown Superfund Site ("Superfund Site") located in Chaffee County, Colorado.

30. The Superfund Site is divided into three operable units (*the relevant operable unit is bolded below):

    a. The first operable unit consists of property that the EPA believes to be impacted by former smelting operations conducted by the Ohio and Colorado Smelting and Refining Company;

    **b. The second operable unit consists of property the EPA believes to be impacted by creosote wood-treating operations conducted by KCI, and includes certain portions of the Beazer Property; and**

    c. The third operable unit consists of property the EPA believes to be impacted by former zinc sulfate manufacturing operations conducted by the Colorado Zinc Company.

31. Beazer, Butala, EPA, and Colorado Department of Public Health and Environment ("CDPHE") entered into the Consent Decree Remedial Design/Remedial Action for Operable Unit 2 Smeltertown Superfund Site ("Consent Decree"), which ultimately became an order of the federal court, case no. 00D561 on June 2, 2000. A true and correct copy of the Consent Decree is attached hereto as **Exhibit 1**.

32. Paragraph 37(d) of the Consent Decree required Butala to file a Declaration of Restrictive Covenants and Restrictions Against the Use of Real Property ("Declaration"), which was filed in the real property records of Chaffee County on June 29, 2000. A true and correct copy of the Declaration is attached hereto as **Exhibit 2**.

33. The Declaration provides, in relevant part:

    A. No residential development of the Butala Property (a/k/a the Beazer Property) described in Attachment A shall be permitted or allowed, without the express prior written consent of the [EPA], the [CDPHE], and Beazer ("the Third Party Beneficiaries") which consent may be granted or withheld with or without cause or made subject to any conditions whatsoever, whether reasonable or not.

    Declaration, P. 1.1.A.

34. Despite this Declaration, Butala subsequently recorded the Vista del Rio Subdivision Plat (the "Original Plat") on or about July 25, 2012, dividing a portion of the Beazer Property

into five lots. A true and correct copy of the Vista del Rio Subdivision Plat is attached hereto as **Exhibit 3**.

35. On page two, noted under the General Development Notes, the Original Plat specifically states the "[t]here will be 5 residential dwelling units on the 5 lots."

36. This Original Plat was ultimately amended two times. True and accurate copies of the amended subdivision plats are attached hereto as **Exhibits 4 & 5**.

37. Upon information and belief, Butala failed to seek the express prior written consent of the EPA, CDPHE and Beazer for the residential use of those five lots as required by the Declaration and failed to disclose this defect to purchasers of the Vista Del Rio Property.

38. Ultimately, the five Vista del Rio Subdivision lots were developed into residential homes.

39. Plaintiffs are the current records owners of those lots.

40. As a result of Butala's failure to seek the express written consent of the EPA, CDPHE, and Beazer, Plaintiffs have been harmed.

## FIRST CLAIM FOR RELIEF
## QUIET TITLE PURSUANT TO C.R.C.P. 105 AND C.R.C.P. 57

41. Plaintiffs incorporate the above allegations as though fully set forth herein.

42. This claim is being brought pursuant to C.R.C.P. 105 and C.R.C.P. 57 and a request is hereby made for a full adjudication of the rights and parties to the real property at issue in this matter in connection with the Declaration.

43. The Vista del Rio Subdivision lies northwest from the Superfund site where KCI conducted wood treating operations.

44. Upon information and belief, it does not appear that the Vista del Rio Subdivision; namely, the Vista Del Rio Property, needed to be included within the Superfund site restrictions and may have been included out of an abundance of caution and/or mistakenly.

45. In fact, upon information and belief, Beazer does not have any information indicating that Beazer, previously known as KCI, conducted former wood treating operations on any of the lots included within the Vista del Rio Subdivision.

46. Because the purpose of the Declaration was to prevent residential development upon real property wherein any hazardous operations may have occurred and no hazardous operations did, in fact occur, on the Vista Del Rio Property, to keep the Declaration in place as it relates to the Vista Del Rio Property would constitute an undue hardship on Plaintiffs.

47. Namely, the Plaintiffs are currently unable to sell their respective homes.

48. At this juncture, it does not appear that the Vista Del Rio Property pose a risk and/or are unfit for residential use.

49. Indeed, on or about August 26, 2024, the EPA and CDPHE jointly issued a Memorandum regarding the Human Health Risk Assessment for Vista Del Rio Subdivision Study Area Located adjacent to the Smeltertown Site, Salida, CO. A true and correct copy of the Memorandum is attached hereto as **Exhibit 6**.

50. In relevant part the Memorandum concluded, "[t]he assessment found there is low risk of health harm to residents, people who use the area for recreation, and workers."

51. On or about November 19, 2024, the EPA and CDPHE co-authored a Letter to File regarding Vista Del Rio Subdivision ("November 2024 Letter") concluding:

> Based upon the investigation and reporting that has occurred at VDR, the Agencies find no unacceptable risk to human health at VDR, find no basis for restrictions on residential development or residential use at VDR, propose and support a modification of the Restrictive Covenant to exclude its application to VDR, and will not seek to enforce any of the Restrictive Covenant's restrictions that may apply in the VDC Declaration Area.

November 2024 Letter, p. 6. A true and correct copy of November 2024 Letter is attached hereto as **Exhibit 7**.

52. Likewise, pursuant to the Chaffee County Land Use Code and zoning plan adopted on November 19, 2024, effective January 1, 2025, the Vista del Rio Subdivision lots were zoned as Residential Rural.

53. [A] court may exercise its equitable powers when a restrictive covenant no longer serves the purpose for which it was imposed or when the circumstances have changed and the enforcement would impose an oppressive burden without any substantial benefit." *Schneider v. Drake*, 44 P.3d 256, 261 (Colo. App. 2001).

54. In short, conditions have changed since the Declaration was created and recorded, the change is substantial, the original purpose of the Declaration can no longer be accomplished, and continued enforcement would be inequitable.

55. As such, Plaintiffs respectfully request that this Court lift the Declaration regarding restriction on residential use as it relates to the Vista Del Rio Property, find that the application of the Declaration as to the Vista Del Rio Property null and void and of no

further effect, release the Declaration as an encumbrance on the Vista Del Rio Property, and grant such other relief that this Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request (a) a complete adjudication of the rights of the parties related to the real property at issue and the Declaration pursuant to C.R.C.P. 105 and C.R.C.P. 57; (b) enter a decree adjudicating that the Declaration is no longer an encumbrance against the Vista Del Rio Property and that it is null and void and no further effect, (c) enter a decree releasing the Declaration as an encumbrance on the Vista Del Rio Property; (d) grant such other relief that this Court deems appropriate; and (e) award Plaintiffs attorneys' fees and costs.

Dated: January 20, 2026

Respectfully submitted,

MONTGOMERY LITTLE & SORAN, P.C.

By: */s/ Alyson S. Evett*
Alyson S. Evett, #52400
Nathan G. Osborn, #38951
***Attorneys for Plaintiffs***

Plaintiffs' Address:
c/o Montgomery Little & Soran, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111